<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

---

**No. 03-4514**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICHARD DEAN WALKER, a/k/a Ricky Walker,

Defendant - Appellant.

---

On Remand from the United States Supreme Court.
(S. Ct. No. 04-7805)

---

Submitted: September 23, 2005      Decided: November 30, 2005

---

Before LUTTIG, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Heather D. Foster, Jaqueline Ann Hallinan, HALLINAN LAW OFFICES, P.L.L.C., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Richard Dean Walker was convicted, after a guilty plea, of aiding and abetting the possession of marijuana with intent to distribute. We affirmed his sentence and denied rehearing. United States v. Walker, No. 03-4514, 2004 WL 1367581 (4th Cir. June 18, 2004) (unpublished).

Walker filed a petition for writ of certiorari in the United States Supreme Court. His petition was granted, and this court's judgment was vacated, in light of the decision in United States v. Booker, 125 S. Ct. 738 (2005). Walker v. United States, 125 S. Ct. 1345 (2005). Walker's case has been remanded to this court for further proceedings.

Walker's sentence was imposed before the decisions in Booker and its predecessor, Blakely v. Washington, 542 U.S. 296 (2004), and he did not raise objections to his sentence based on the mandatory nature of the sentencing guidelines or the district court's application of sentencing enhancements based on facts he did not admit. Therefore, we review his sentence for plain error. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

The district court calculated Walker's guideline range as follows:

Base offense level   16   USSG § 2D1.1 (10-20 kilograms marijuana)
                    + 2   USSG § 3C1.1 (obstruction of justice)
Final offense level  18

Criminal history category:  I
Guidelines range:  27-33 months

- 2 -

The district court imposed a sentence of thirty months imprisonment, a three-year term of supervised release, and a $2000 fine. Walker contested the adjustment for obstruction of justice at sentencing, but the district court determined that the adjustment applied because Walker had made a serious attempt to mislead the probation officer. Without the adjustment for obstruction of justice, Walker's offense level would have been 16 and his guideline range would have been 21-27 months. Because the increase was based on judge-found facts that Walker did not admit, the resulting sentence violated the Sixth Amendment.[*] However, Walker has completed his prison sentence and been released. Therefore, a remand for resentencing is unnecessary unless Walker was otherwise prejudiced. We conclude that he was not.

Under 21 U.S.C.A. § 841(b)(1)(D) (West Supp. 2005), Walker was and remains subject to a term of supervised release of "at least two years." Because the statutory maximum for his offense is five years imprisonment, see id., it is a Class D felony. 18 U.S.C. § 3559(a)(4) (2000). Under USSG § 5D1.2(a)(2), the supervised release term for a Class D felony is two to three years. Therefore, the Sixth Amendment error committed by the

---

[*]Just as we noted in Hughes, "[w]e of course offer no criticism of the district court judge, who followed the law and procedure in effect at the time" of Walker's sentencing. Hughes, 401 F.3d at 545 n.4. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

district court in determining Walker's offense level did not affect the statutory or guideline provisions that governed the applicable term of supervised release. The district court had discretion to impose a term of supervised release of between two and three years. The record does not reveal any basis for concluding that the court would have imposed a lesser term under an advisory guidelines system. In announcing the sentence, the district court stated, "[t]he three-year term of supervised release is imposed to allow the maximum period of time to monitor your efforts to attain a law-abiding lifestyle following your period of incarceration." The district court could have imposed a two-year term of supervised release, but exercised its discretion to impose a three-year term. Therefore, Booker does not require resentencing on this ground.

Under 21 U.S.C. § 841(b)(1)(D), a maximum fine of $250,000 was authorized. For an offense level of 18, the Fine Table in USSG § 5E1.2(c)(3) prescribes a fine of $6000 to $60,000. For an offense level of 16, the Fine Table prescribes a fine of $5000 to $50,000. The $2000 fine imposed by the district court was a downward departure below the range the district court believed to be applicable and is below the range that would have applied without the obstruction of justice adjustment. In imposing the fine, the court made the following findings pursuant to 18 U.S.C. § 3572(a) (2000):

> The defendant's income, earning capacity and financial resources are as stated in the presentence report; a fine

within the guideline range would constitute an undue burden upon the defendant; there is no pecuniary loss inflicted upon others as a result of the offense of conviction; the evidence shows no illegally obtained gains from the offense of conviction still in the defendant's possession. The court finds that the defendant, through prison earnings and potential earnings during his term of supervised release, does have the ability to pay a fine below the guidelines, which the court has imposed.

No Sixth Amendment error occurred with respect to the fine and the record provides no suggestion that the district court would have imposed a lesser fine under an advisory guidelines system.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED